UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALLEN WAYNE LACKEY,<br><br>                    Plaintiff,<br><br>         v.<br><br>RICHARD J. CONTE,<br><br>                    Defendant.<br>_____/ | No. C 12-03241 LB<br>[Related Case Nos.: C 12-03242 LB and C 12-03244 LB]<br><br>**ORDER (1) *SUA SPONTE* RELATING CASES AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN ALL THREE CASES TO A DISTRICT COURT JUDGE** |

Plaintiff Allen Wayne Lackey filed this action against Defendant Richard J. Conte in Napa County Superior Court, Small Claims Court on May 23, 2012. *Lackey v. Conte,* No. C12-03241 LB ("*Lackey I*"), Notice of Removal, ECF No. 1.[1]  Mr. Lackey also filed two other actions on the same date and in the same court: one against Defendant Brook Stewart and one against Defendant Michael Huerta. *See Lackey v. Stewart,* No. C12-0342 LB ("*Lackey II*"), Notice of Removal, ECF No. 1; *Lackey v. Huerta,* No. C 12-03244 LB ("*Lackey III*"), Notice of Removal, ECF No. 1.  All three cases were removed to federal court on June 22, 2012. *Lackey I*, Notice of Removal, ECF No. 1; *Lackey II*, Notice of Removal, ECF No. 1; *Lackey III*, Notice of Removal, ECF No. 1.

In these three cases, Mr. Lackey claims that Mr. Conte, Mr. Stewart, and Mr. Huerta, all of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-03241 LB
ORDER

whom are employees of the Federal Aviation Administration ("FAA"), engaged in abuse of power, malfeasance of office, conspiracy, and fraud discrimination. *Lackey I*, Notice of Removal, ECF No. 1; *Lackey II*, Notice of Removal, ECF No. 1; *Lackey III*, Notice of Removal, ECF No. 1. Mr. Lackey also claims that Mr. Conte and Mr. Stewart engaged in breach of contract. *Lackey I*, Notice of Removal, ECF No. 1; *Lackey II*, Notice of Removal, ECF No. 1. Mr. Lackey is suing all three defendants for damages in the amount of $10,000. *Lackey I*, Notice of Removal, ECF No. 1; *Lackey II*, Notice of Removal, ECF No. 1; *Lackey III*, Notice of Removal, ECF No. 1.

On June 27, 2012, Mr. Conte filed a motion to consolidate the three cases. *Lackey I*, Motion to Consolidate Cases, ECF No. 8. He believes that, upon review of the three largely identical complaints, that all three actions are related to the FAA's decision to issue, on May 31, 2012, an Emergency Order of Revocation that revoked Mr. Lackey's private pilot certificate. *Id.* at 2; *see* Toscano Declaration, ECF No. 7 at 2, ¶ 7. Mr. Lackey has not filed an opposition to the motion within the time allowed. *See* N.D. Cal. Civ. L.R. 7-3; *see also* Fed. R. Civ. P. 6(a)(1)(c), (d).[2]

According to Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated." In making the decision whether to consolidate actions, the court must weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Here, the court finds that these three cases are sufficiently similar to each other to justify consolidation. They all arise out of the same factual background, contain similar claims, involve the same harm, and seek the same amount of damages. In such an instance, it would present an inconvenience to both the parties and the court to hold three separate cases when the actions are so similar.

---

[2] Nor have Mr. Stewart or Mr. Huerta, defendants in *Lackey II* and *Lackey III*, respectively, filed oppositions. Presumably, this is because Mr. Conte, Mr. Stewart, and Mr. Huerta are all represented by the same counsel (Assistant United States Attorney Annie Redding) and all three have moved to substitute the United States as the proper defendant. *See Lackey I*, Motion to Dismiss, ECF No. 5; *Lackey II*, Motion to Dismiss, ECF No. 5; *Lackey III*, Motion to Dismiss, ECF No. 5.

The court, however, will not consolidate the actions at this time. On June 27, 2012, Mr. Conte, Mr. Stewart, and Mr. Huerta each filed motions to dismiss the complaints in their respective actions. See *Lackey I*, Motion to Dismiss, ECF No. 5; *Lackey II*, Motion to Dismiss, ECF No. 5; *Lackey III*, Motion to Dismiss, ECF No. 5. In light of these dispositive motions being filed, on June 28, 2012, the Clerk of the Court issued notices requesting each party to either consent to or decline the court's jurisdiction by July 9, 2012. *Lackey I*, 6/28/2012 Clerk's Notice, ECF No. 10; *Lackey II*, 6/28/2012 Clerk's Notice, ECF No. 10; *Lackey III*, Clerk's Notice, ECF No. 11; *see* N.D. Cal. Civ. L.R. 73-1(a)(2) ("If a motion that cannot be heard by the magistrate judge without the consent of the parties, pursuant to 28 U.S.C. § 636(c), is filed prior to the initial case management conference, the parties must either file written consent to the jurisdiction of the magistrate judge, or request reassignment to a district judge, no later than 7 days after the motion is filed."). Mr. Conte, Mr. Stewart, and Mr. Huerta consented to the court's jurisdiction, *Lackey I*, Consent (Conte), ECF No. 11; *Lackey II*, Consent (Stewart), ECF No. 11; *Lackey III*, Consent (Huerta), ECF No. 12, but to date Mr. Lackey has filed neither a consent nor a declination form in any of his three cases.

In this situation—where the undersigned believes that the three cases should be consolidated but where all parties have not consented to the undersigned's jurisdiction—the undersigned believes that the most appropriate course of action is relate the cases and order the Clerk of the Court to reassign all three of them to a district court judge.[3] This way, the cases are not reassigned to different district court judges, and the district court judge to whom all three cases are reassigned retains control over their management (e.g., the newly-assigned district court judge can decide whether to consolidate the case, and if they are, also can decide whether to order Mr. Lackey to file a single, amended complaint in *Lackey I* and whether to allow the defendants to file a single motion to dismiss in *Lackey I*).

Accordingly, the court **RELATES** *Lackey I*, *Lackey II*, and *Lackey III* and **DIRECTS** the Clerk

---

[3] Under this district's Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event[;] (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The undersigned finds *Lackey I*, *Lackey II*, and *Lackey III* to be related for the same reasons that it believes their consolidation is appropriate.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

of the Court reassign all three of them to a district court judge. Pursuant to this district's Civil Local Rule 3-12(g), the August 2, 2012 hearings on Mr. Conte's motion to consolidate and Mr. Conte's, Mr. Stewart's, and Mr. Huerta's motions to dismiss are **VACATED**. Mr. Conte, Mr. Stewart, and Mr. Huerta shall contact the chambers of the newly-assigned district court judge to determine how to proceed with their motions.

**IT IS SO ORDERED.**

Dated: July 18, 2012.

_____
LAUREL BEELER
United States Magistrate Judge